| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | **UNITED STATES DISTRICT COURT** |
| 9 | **EASTERN DISTRICT OF CALIFORNIA** |
| 10 | |

| | | |
|---|---|---|
| 11 | RICHARD ACORD, | Case No. 1:17-cv-01145-LJO-EPG |
| 12 | Plaintiff, | **ORDER FOR PLAINTIFF TO:** |
| 13 | v. | **(1) FILE A FIRST AMENDED COMPLAINT; OR,** |
| 14 | | |
| 15 | CHAMPIONS RECOVERY ALTERNATIVES, *et al*. | **(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER** |
| 16 | Defendants. | |
| 17 | | |
| 18 | | |
| 19 | | (ECF NO. 1) |
| 20 | | **THIRTY (30) DAY DEADLINE** |

Plaintiff Richard Acord, appearing *pro se* and *in forma pauperis*, filed the complaint commencing this action on August 25, 2017. (ECF No. 1). The complaint alleges violations of 42 U.S.C. § 1983 against Defendants Champions Recovery Alternatives, Maria Stevens, Randy Hano, and Coven Hardcastle. Plaintiff alleges that Defendants breached their contractual, legal, and moral obligation to maintain client confidentiality.

The Court has screened the complaint and has determined that Plaintiff fails to state any cognizable claims. The Court will grant Plaintiff leave to amend his complaint to state a claim. In

1

the alternative, Plaintiff may notify the Court that he wishes to stand on the current complaint, in which case the Court will issue findings and recommendations to the district judge recommending dismissal of this action consistent with this order.

## I. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in July and August 2016, he was a client of Champions Recovery

Alternatives' Samuels' House Residential Treatment Program and a client of the other Defendants. Defendants have a contractual, legal, and moral obligation to maintain client confidentiality, even after clients are discharged from their treatment programs, unless information about the client becomes public through the filing of a criminal complaint.

Plaintiff was discharged from the treatment program without warning, and without an opportunity to defend himself, when he was allegedly involved in an incident with a female staff member of Samuels' House. No charges were brought against Plaintiff for the alleged incident. Plaintiff was, however, on house arrest through the "Kings County E.M.S. System" and was returned to custody due to his discharge from Samuels' House.

During the booking process Plaintiff called Robert Jeffries, a resident of Samuels' House, who said, "Don't worry brother, I'm going to squash that bullshit." This, Plaintiff alleges, serves as evidence that Defendants breached their duty of client confidentiality almost immediately upon his removal from Samuels' House by Kings County E.M.S. officers. During the booking process, Plaintiff was also approached by Kings County Jail Classification staff regarding concerns for his safety in the jail population due to the nature of the alleged incident at Samuels' House. This, Plaintiff alleges, serves as evidence that Kings County Jail had knowledge of Plaintiff's phone call with Mr. Jeffries, or that Samuels' House breached their duty of client confidentiality.

Plaintiff further alleges that he has had to answer numerous allegations and accusations in person and on social media regarding his alleged behavior in the fourteen months since his discharge from Samuels' House. He has been threatened numerous times due to the allegations made against him at Samuels' House. Plaintiff was returned to custody in Kings County Jail on an unrelated matter on June 22, 2017. He has been physically assaulted by multiple inmates as a direct result of his discharge from Samuels' House. Plaintiff believes there can be no other explanation for the accusations, threats, and assault incurred by him, other than Samuels' House's breach of client confidentiality.

**III. DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United

States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.*** " *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). The first issue evoked by Plaintiff's allegations is whether Defendants—who appear to be private parties as opposed to governmental entities or officials— acted under color of state law.

Private parties are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed"). Nevertheless, in some circumstances, the actions of a private actor may render them liable under § 1983. Under the "public function test," private individuals or entities are deemed to be state actors for purposes of § 1983 only when they perform a public function that has been "traditionally the *exclusive* prerogative of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original). "That a private entity performs a function which serves the public does not make its acts state action." *Id.*

Under the joint action test, a private individual may be liable as a state actor under § 1983 if he or she was part of a conspiracy or was a "willful participant in [other] joint action" with a state actor that caused the constitutional violation. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "The Ninth Circuit requires a 'substantial degree of cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F.Supp.2d 1041, 1046 (D. Haw. 2007)(quoting *Franklin*, 312 F.3d at 445).

Plaintiff alleges that Defendants caused severe damage to his name, reputation, and standing in his community by violating his right to client confidentiality. It does not appear from Plaintiff's allegations that Defendants are state actors. Plaintiff does not allege that Defendants

performed a public function or that they undertook any action under the direction of or in cooperation with any state actor. Thus, Plaintiff fails to state a cognizable claim under § 1983.

Plaintiff's allegations also give rise to a second issue: whether Defendants violated a right secured by the Constitution and laws of the United States. Again, as alleged, it does not appear that Defendants' violation of client confidentiality is actionable under § 1983. Plaintiff alleges Defendants breached a contractual, legal, and moral obligation, as opposed to a right secured by the Constitution and laws of the United States. Thus, even if Defendants were state actors, Plaintiff fails to state a claim under § 1983.

To the extent he seeks to allege a breach of contract claim, Plaintiff also fails to state a claim. Under California law, the elements of a breach of contract claim are: 1) existence of a valid contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745 (2001). To state a cause of action for breach of contract, plaintiff must plead the terms of the contract either verbatim or according to its legal effect. *Langan v. United Servs. Auto. Ass'n*, 69 F.Supp.3d 965, 979 (N.D. Cal. 2014) (quoting *Twaite v. Allstate Ins. Co.*, 216 Cal.App.3d 239, 252 (1989)). Plaintiff has failed to plead the existence of a contract that obligated Defendants to maintain client confidentiality.[1]

Accordingly, the Court finds that Plaintiff has failed to state any cognizable claim. The Court will give Plaintiff an opportunity to amend the complaint. If Plaintiff chooses to file an amended complaint, it should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Generally, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff should review the Court's analysis with respect to his asserted claims and should only allege causes of action for which he believes that he may plausibly state a claim. In an amended complaint, as in an original complaint, each claim and the

---

[1] Breach of contract is a state law claim. It may not be subject to federal jurisdiction, even if properly pled.

involvement of each defendant must be sufficiently alleged.

IV. **CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within **thirty (30) days**, if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state which of his constitutional or other federal rights were violated and what each named defendant did that led to the deprivation. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01145-LJO-EPG;

4. Alternatively, within **thirty (30) days** from the date of service of this order, Plaintiff may notify the Court that he wishes to stand on this complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiff fails to file an amended complaint or notify the Court that he wishes to stand on this complaint within **thirty (30) days** from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiff's case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 30, 2018**      /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE