**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD ACORD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHAMPIONS RECOVERY ALTERNATIVES, *et al*.<br><br>　　　　　　Defendants. | Case No. 1:17-cv-01145-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDER**<br><br>(ECF No. 1)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

On August 25, 2017, Richard Acord ("Plaintiff"), appearing *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983 by the filing of a Complaint. (ECF No. 1). The Complaint alleges that Defendants Champions Recovery Alternatives, Maria Stevens, Randy Hano, and Coven Hardcastle breached their contractual, legal, and moral obligation to maintain Plaintiff's confidentiality.

On January 30, 2018, the Court screened the Complaint and determined that it fails to state any cognizable claims. (ECF No. 7). Specifically, the Court concluded that Plaintiff failed to allege that Defendants are state actors or acted under the direction of or in cooperation with any state actor. *Id.*

The screening order directed Plaintiff to file an amended complaint or notify the Court that he wishes to stand on the Complaint, subject to the issuance of findings and recommendations to the assigned district judge, within thirty days of service of the order. *Id*. The Court also warned Plaintiff that failure to file an amended complaint or to notify the court that he wishes to stand on the Complaint could result in the dismissal of this case. *Id.*

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that he wishes to stand on the Complaint. Accordingly, the Court recommends that this action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order. Plaintiff may file objections within twenty-one days from the date of service of these findings and recommendations.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of an *in forma pauperis* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must dismiss the complaint. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.*

2

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in July and August 2016, he was a client of Champions Recovery Alternatives' Samuels' House Residential Treatment Program and a client of the other Defendants. Defendants have a contractual, legal, and moral obligation to maintain client confidentiality, even after clients are discharged from their treatment programs, unless information about the client becomes public through the filing of a criminal complaint.

Plaintiff was discharged from the treatment program without warning, and without an opportunity to defend himself, when he was allegedly involved in an incident with a female staff member of Samuels' House. No charges were brought against Plaintiff for the alleged incident. Plaintiff was, however, on house arrest through the "Kings County E.M.S. System" and was returned to custody due to his discharge from Samuels' House.

During the booking process, Plaintiff called Robert Jeffries, a resident of Samuels' House, who said, "Don't worry brother, I'm going to squash that bullshit." This, Plaintiff alleges, serves as evidence that Defendants breached their duty of client confidentiality almost immediately upon his removal from Samuels' House by Kings County E.M.S. officers. During the booking process, Plaintiff was also approached by Kings County Jail Classification staff regarding concerns for his safety in the jail population due to the nature of the alleged incident at Samuels' House. This, Plaintiff alleges, serves as evidence that Kings County Jail had knowledge of Plaintiff's phone call with Mr. Jeffries, or that Samuels' House breached their duty of client confidentiality.

Plaintiff further alleges that he has had to answer numerous allegations and accusations in person and on social media regarding his alleged behavior in the fourteen months since his discharge from Samuels' House. He has been threatened numerous times due to the allegations made against him at Samuels' House. Plaintiff was returned to the custody of Kings County Jail

on an unrelated matter on June 22, 2017. He has been physically assaulted by multiple inmates as a direct result of his discharge from Samuels' House. Plaintiff believes there can be no other explanation for the accusations, threats, and assault he has incurred, other than Samuels' House's breach of client confidentiality.

## III. DISCUSSION

### A. Section 1983 Liability

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.***" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Private parties are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

Nevertheless, in some circumstances, the actions of a private actor may render them liable under § 1983. Under the "public function test," private individuals or entities may be deemed state actors for purposes of § 1983 when they perform a public function that has been "traditionally the exclusive prerogative of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (citations and quotation marks omitted; emphasis in original). "That a private entity performs a function which serves the public does not make its acts state action." *Id.*

Under the joint action test, a private individual may be liable as a state actor under § 1983 if he or she was part of a conspiracy or was a "willful participant in [other] joint action" with a state actor that caused the constitutional violation. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "The Ninth Circuit requires a 'substantial degree of

4

cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F.Supp.2d 1041, 1046 (D. Haw. 2007)(quoting *Franklin*, 312 F.3d at 445).

Plaintiff alleges that Defendants caused severe damage to his name, reputation, and standing in his community by violating his right to client confidentiality. Defendants do not appear to be governmental entities or officers or employees of a governmental entity. Furthermore, Plaintiff does not allege that Defendants undertook any action under the direction of or in cooperation with any state actor. Thus, Plaintiff fails to state a cognizable claim under § 1983.

### B. Failure to Prosecute and to Comply with a Court Order

Plaintiff has failed to comply with the screening order, which directed him to file an amended complaint or notify the Court that he wishes to stand on the Complaint within thirty days of its service. (ECF No. 7). The order was served on January 30, 2018. *Id.* Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Courts may impose sanctions, including dismissal, as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); L.R. 110; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); *Malone v. United States Postal Serv.*, 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order).

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639,

642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

First, the public's interest in expeditious resolution of litigation and the court's need to manage its docket always favor dismissal. *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, these factors weigh in favor of dismissal.

Second, the public policy favoring disposition on the merits always weighs against dismissal. *Id.*

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint that is causing delay. The Court found that the Complaint fails to state a claim over three months ago. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that he wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Thus, after weighing the factors, the Court finds that dismissal with prejudice is appropriate.

### IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that the Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Furthermore, Plaintiff has failed to comply with the screening order, which directed him to file an amended complaint or notify the Court that he wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Accordingly, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), Fed. R. Civ. P. 41(b), and L.R. 110, this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, as well as his failure to comply with a court order and failure to prosecute this action; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 7, 2018**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE